UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROSALIE M. COPAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:12-CV-400 JD |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This case is an insurance coverage dispute. According to the Complaint, on August 6, 2011, plaintiff Rosalie Copak ("Copak") was injured in a car accident resulting from the "negligence and willful and wanton misconduct" of an underinsured motorist. [DE 1 ¶¶ 1-2]. At the time of the accident, Copak was insured under a policy issued by State Farm Mutual Automobile Insurance Company ("State Farm"), which provided underinsured motorist coverage, *inter alia*. [DE 1 ¶¶ 5-6]. Copak claims that she complied with all of the conditions precedent to coverage under the policy, but that State Farm denied coverage nonetheless. Accordingly, on September 5, 2012, Copak filed a Complaint alleging that State Farm breached its contract and is guilty of negligence and bad faith. [DE 1 ¶ 8]. She sought both compensatory and punitive damages. [DE 1 ¶ 9].

On September 5, 2012, State Farm timely removed this action to federal court, invoking diversity jurisdiction consistent with 28 U.S.C. § 1332 and § 1441(a). [DE 2]. On October 15, 2012, Copak filed a "Response and Objection to Defendant's Notice of Removal," arguing that the amount-in-controversy requirement necessary to establish this Court's subject matter jurisdiction has not been met. [DE 10]. On October 22, 2012, State Farm replied. [DE 11]. The method in which

1

the parties have briefed the matter is procedurally unusual. Ordinarily, a plaintiff aggrieved by removal to federal court will file a motion to remand the matter to state court. Where, as here, an improperly-titled "opposition" or "response" is filed, the Court simply treats it as a motion to remand and proceeds as usual. *See, eg., Madden v. Homeward Residential Mortg.*, No. 1:12-CV-01453, 2013 WL 265088 (S.D.Ind. Jan. 23, 2013). Because the basis for removal and diversity jurisdiction was established at the time when State Farm's notice of removal was filed, Copak's opposition (construed as a motion to remand) is denied.

## DISCUSSION

Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction over all civil actions in which (1) complete diversity of citizenship exists and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

Diversity of citizenship is not a difficult issue in this case. A corporation is deemed a citizen of both the state of its incorporation and the state in which it has its principle place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010); *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). State Farm is incorporated in Illinois and has its principal place of business in Illinois. Copak is a citizen of the State of Indiana. Copak has not challenged State Farm's allegations of citizenship, and appears to concede that the diversity requirement is met.

Copak does dispute, however, that the amount in controversy exceeds $75,000. Because State Farm is the proponent of this Court's jurisdiction, it bears the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). The courts recognize, however, that it is

difficult to demonstrate the amount-in-controversy with any specificity when a plaintiff is not required by state rules of procedure to plead damages in an amount certain, particularly where the plaintiff is resistant to litigating in federal court. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Under such circumstances, removal is proper when the defendant's estimate of what is at stake is plausible and is supported by a preponderance of the evidence. *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004). Once the defendant has made such a showing, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, (1938).

Where, as here, a complaint alleges both actual and punitive damages, each must be considered in determining whether the amount in controversy requirement is satisfied. *Cadke v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 2012). Determining the effect of punitive damages requires a two-part analysis. First, the Court must consider whether punitive damages are recoverable under state law. Second, where punitive damages are recoverable under state law, the "court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" *Cadke*, 58 F.3d at 1212 (quoting *Risse v. Woodward*, 491 F.2d 1170, 1173 (7th Cir. 1974)).

With respect to the first question, Indiana's Supreme Court has held that punitive damages (*i.e.*, extra-contractual damages) *are* recoverable for a breach of the duty of good faith and fair dealing in insurance coverage cases. *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993). With respect to the second question, Copak has not demonstrated that it is "legally certain" that the amount in controversy at the time of removal does not exceed $75,000. It is undisputed that Copak seeks punitive damages in her complaint. [DE 1 ¶¶ 8-9]. It is also undisputed that she values her

3

compensatory damage claim under the policy at $25,000. [DE 10 ¶ 6]. Pursuant to IND. CODE § 34-51-3-4, an award of punitive damages is capped at the greater of $50,000 or three times compensatory damages, which in this case would be $75,000. Combining the compensatory and potential punitive damages establishes an amount in controversy of $100,000.

Copak has tried to avoid this result by filing a post-removal stipulation that she will not seek more than the compensatory damages available for the alleged breach of contract. [DE 10 ¶¶ 6-9]. That is not sufficient to defeat this Court's jurisdiction. Jurisdiction is determined as of the moment of removal, and a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint. *In the Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). Such post-removal affidavits or stipulations are "ineffective to oust federal jurisdiction." *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997). *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (holding post-removal amendment to complaint or stipulation limiting damages did not require remand); *Hunt v. Davita, Inc.*, 680 F.3d 775, 777-78 (7th Cir. 2012) (holding that plaintiff's post-removal disclaimer, which both denied any intent to collect over $75,000 and offered to return any damages in excess of $75,000, did not support remand); *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (holding post-removal disclaimer limiting damages did not permit remand). In order to prevent removal, affidavits or stipulations limiting the amount in controversy must be filed in state court at the same time as the complaint initiating the action. *In the Matter of Shell Oil Co.*, 970 F.2d at 356 ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]"). If the plaintiff does not stipulate to damages of $75,000 or less, "the inference arises that [she] thinks [her] claim may be worth more." *Workman v. United Parcel Service, Inc.*, 234 F.3d

998, 1000 (7th Cir. 2000).

Copak did not file a binding stipulation or affidavit with the Complaint. To the contrary, she explicitly sought both compensatory damages and punitive damages. [DE 1 ¶¶ 8-9]. If she were to be awarded the maximum punitive damages allowed by IND. CODE § 34-51-3-4, the amount in controversy would be approximately $100,000. Her post-removal declaration is of no effect, and so Copak has failed to demonstrate to a legal certainty that the amount in controversy at the time of removal did not exceed $75,000. Therefore, both diversity of citizenship and the requisite amount in controversy are established, and this Court has subject matter jurisdiction to hear the case.

## CONCLUSION

Based on the foregoing, Copak's opposition to the removal [DE 10], construed as a motion to remand, is **DENIED**. This action may proceed as normal.

SO ORDERED.

ENTERED:  February 6, 2013

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court